their claimed employment by the city for the month of May, 1966.

The facts in this case are identical with those in the opinion filed this day in Rivera v. Nunn, 78 N.M., 430 P.2d 102, except for the period for which compensation was sought. Upon authority of Rivera v. Nunn, supra, this case is reversed and remanded with direction to the lower court to vacate the ex parte peremptory writ of mandamus and to proceed in a manner not inconsistent with the opinion in that case.

It is so ordered.

CARMODY, J., and RICHARD A. STANLEY, District Judge.

430 P.2d 103

Lupe P. RIVERA, Individually and as City Clerk of the City of Lordsburg, New Mexico, and Alan A. Koff, Individually and as Mayor of the City of Lordsburg, New Mexico, Plaintiffs-in-Error,

v.

Virgil CRADDOCK, Guadalupe Q. Varela and Gildardo R. Renteria, Defendants-in-Error.

No. 8152.

Supreme Court of New Mexico.

July 17, 1967.

Standley, Kegel & Campos, Frank P. Dickson, Jr., Santa Fe, for plaintiffs in error.

## OPINION

NOBLE, Justice.

Alan A. Koff and Lupe P. Rivera, as the Mayor and City Clerk of Lordsburg, New Mexico, have sued out a writ of error seeking review of an ex parte peremptory writ of mandamus directing them to issue warrants payable to petitioners by reason of